**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------- x
DYANE V. SMITH,                 :
                                :
        Plaintiff,              :
                                :
v.                              :  Civil No. 3:21-cv-914 (AWT)
                                :
UNITED STATES OF AMERICA,       :
                                :
        Defendant.              :
------------------------------- x
```

**RULING ON MOTION TO DISMISS**

Defendant United States of America has moved to dismiss plaintiff Dyane V. Smith's Amended Complaint. For the reasons below, the defendant's motion is being granted.

### I.   FACTUAL BACKGROUND[1]

In 1993, the plaintiff and her then-husband, David Smith ("Smith"), acquired title to a residence at 24 Ridge Road, Redding, Connecticut (the "Property"). By 2000, Smith had left the residence, and in 2001, Smith began a divorce action against the plaintiff. Unbeknownst to the plaintiff, Smith had not filed his 2000 or 2001 tax returns in a timely fashion, leading to a March 2003 Internal Revenue Service ("IRS") assessment against him in a total amount of $128,274. In July 2003, the plaintiff's

---

[1] In 2011, the plaintiff sued the defendant to quiet title to property at 24 Ridge Road, Redding, Connecticut. Certain of the facts here are based on the court's memorandum of decision in the Quiet Title Action. See Smith v. United States, 2014 WL 902589, at *1-4 (D. Conn. Mar. 7, 2014).

marriage was dissolved by the Connecticut Superior Court, and in August 2003, the Superior Court issued an order that conveyed the Property to the plaintiff. The plaintiff had never received notice of any assessments by the IRS against Smith or of any liens on the Property. In September 2003, after the Superior Court's order had been recorded in the Redding land records, a Notice of Federal Tax Lien ("NFTL") was recorded in the Redding land records against Smith for a total of $63,298.88.

In 2005, the plaintiff refinanced the Property and was informed that her title was clear. In 2009, the plaintiff first became aware of the NFTL, but she was reassured at that time that title to the Property was nevertheless clear. IRS internal correspondence shows that the agency examined the issue more closely in 2011, and at that time, the IRS filed an NFTL in the Redding land records against the plaintiff as the "transferee and/or nominee of David R. Smith" for a total amount of $36,390.74. The plaintiff unsuccessfully appealed that decision within the IRS before she filed an action against the defendant to quiet title to the Property (the "Quiet Title Action"). See Smith v. United States of America, 3:11-cv-1996 (VLB) (D. Conn.).

In the Quiet Title Action, the defendant cross-claimed against various parties, including Smith, and counterclaimed against the plaintiff, seeking to foreclose on the Property. The

parties in the Quiet Title Action moved for summary judgment. The court determined that "[t]he 2003 lien attached to the Property and is valid as a matter of law and attached to a valid interest in the Property." Smith, 2014 WL 902589, at *18. But the court "refuse[d] to order foreclosure on the Property pursuant to its equitable discretion" and "encourage[d] . . . the parties to agree to some form of settlement so that the lien can be removed from the property." Id.

At some point in 2020, the plaintiff became aware of a February 28, 2020 (or August 28, 2020) offer in compromise between the IRS and Smith. See Am. Compl. (ECF No. 28) at ¶¶ 8, 52; see also id. at 12. The plaintiff had requested records regarding this offer in compromise from the defendant under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), which the defendant was delayed in producing. See id. at ¶¶ 9-12. In response to this delay, in October 2020, six years after judgment entered in the Quiet Title Action, the plaintiff filed a motion in that action requesting that the court issue "emergency orders compelling the Defendant United States to immediately provide evidence of the settlement of this case," which the plaintiff claimed "will prove that the United States violated federal mandates to release the Judgment encumbering the Plaintiff's property . . . and to release the federal tax liens . . . or withdraw the notice of federal tax liens." Pl.'s

Emer. Mot. to Compel (ECF No. 62), <u>Smith v. United States of</u>
<u>America</u>, 3:11-cv-1996 (VLB) (D. Conn. Oct. 23, 2020).

It appears that, soon thereafter, the plaintiff became
aware that the offer of compromise had been rescinded or was
otherwise legally invalid. <u>See</u> Am. Compl. at ¶¶ 54-56. The
plaintiff then filed a motion to reopen the Quiet Title Action
to "obtain equitable relief and sanctions against the United
States as to newly discovered evidence." Pl.'s Mot. to Reopen
(ECF No. 72), <u>Smith v. United States of America</u>, 3:11-cv-1996
(VLB) (D. Conn. Nov. 27, 2020). That motion presented several of
the claims that the plaintiff brings in the instant action,
including claims for unjust enrichment and violation of FOIA.

The court denied the plaintiff's motions in a text order:

> ORDER denying 62 Motion to Compel, 72 73 Motions to
> Reopen Case, and 75 Motion for Status Conference
> because Plaintiff has failed to present a legal basis
> warranting the relief she seeks. Fed. R. Civ. P.
> 11(b)(2), Plaintiff's motion to compel relies on rules
> of procedure for general discovery protocols, none of
> which provide for post-judgment discovery on non-
> monetary judgments. Plaintiff does not allege
> Defendant violated an order of the Court, rather
> Plaintiff simply alleges Defendant has not engaged in
> the settlement efforts that the Court encourage[d] but
> did not order. Plaintiff's motion to reopen similarly
> relies on rules of procedure inapplicable to the
> request she seeks. Plaintiff's effort to raise new
> allegations of potential FOIA violations are improper
> because (1) this case has been fully adjudicated for
> more than six years, and (2) the facts and
> circumstances surrounding the FOIA violation do not
> arise out of the same transaction and occurrence as
> the underlying complaint.

Order (ECF No. 78), <u>Smith v. United States of America</u>, 3:11-cv-
1996 (VLB) (D. Conn. June 9, 2021). The plaintiff then brought
this action for monetary damages and equitable relief. The
defendant now moves to dismiss the plaintiff's claims for lack
of subject matter jurisdiction and failure to state a claim upon
which relief can be granted.

## II.  LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the
court must accept as true all factual allegations in the
complaint and must draw inferences in a light most favorable to
the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).
Although a complaint "does not need detailed factual
allegations, a plaintiff's obligation to provide the 'grounds'
of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544, 555 (2007) (citing <u>Papasan v. Allain</u>, 478 U.S.
265, 286 (1986)). <u>See</u> <u>Papasan</u>, 478 U.S. at 286 (On a motion to
dismiss, courts "are not bound to accept as true a legal
conclusion couched as a factual allegation."). "Nor does a
complaint suffice if it tenders naked assertions devoid of
further factual enhancement." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557).

In its review of a motion to dismiss for failure to state a

claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). This may include a "contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason--usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim--was not attached to the complaint." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).

When deciding a motion to dismiss under Rule 12(b)(1), the court is "not to draw inferences from the complaint favorable to the plaintiffs." J.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004). Rather, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by

drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "[W]here a case is dismissed for lack of Article III standing, . . . that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice." Katz v. Donna Karan Co., 872 F.3d 114, 121 (2d Cir. 2017) (emphasis omitted).

**III. DISCUSSION**

The Amended Complaint contains six claims against the defendant. Claim One is a claim for violation of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Claim Two is a claim for negligence and has ten separate counts. Claim Three is a claim for unjust enrichment. Claim Four is a claim for fraud upon the court. Claim Five is a claim for intentional infliction of emotional distress. Claim Six is a claim for negligent infliction of emotional distress.

As discussed below, Claim One, brought pursuant to FOIA; Claims Two, Three, Five, and Six, brought pursuant to the Federal Tort Claims Act and the Internal Revenue Code; and Claim Four, must be dismissed pursuant to Rule 12(b)(1) for lack of

subject matter jurisdiction and/or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In addition, 29 U.S.C. § 2409a does not apply to the plaintiff's claims here.

### A.   Claim One: Freedom of Information Act

The plaintiff "seeks to enjoin the Defendant from impermissibly withholding records for which she made expedited request pursuant to her right to enforce the request under 5 U.S.C. § 552 and the FOIA." Am. Compl. at 3. The defendant contends that the "Plaintiff failed to exhaust her appeal rights with the IRS" and that "this Court should therefore dismiss her claim under Fed. R. Civ. P. 12(b)(1), 12(b)(6), or both." Def.'s Mem. (ECF No. 29-1) at 11. Also, in response to a statement in the plaintiff's opposition, the defendant argues that the plaintiff's "FOIA claim and her purported negligence claims based on alleged FOIA non-compliance" are moot, so the court does not have subject matter jurisdiction over those FOIA claims. Def.'s Reply (ECF No. 31) at 10. See Fed. R. Civ. P. 12(b)(1).

In her opposition, the plaintiff states that her "need for the records is moot." Pl.'s Mem. (ECF No. 30) at 37. A claim that "becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." United

States v. Sanchez-Gomez, 138 S.Ct. 1532, 1537 (2018) (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)). A generalized public interest in preventing the defendant from "violat[ing] the FOIA mandate" would be insufficient to establish jurisdiction where the plaintiff has disclaimed "a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). However, the Amended Complaint states that the plaintiff "seeks the OIC records despite the Department of Justice ('DOJ') later rescinding the OIC and although Smith's debt no longer involves her Property." Am. Compl. at 3. The statement in the plaintiff's opposition is not clearly inconsistent with her statement in the Amended Complaint. Thus, the court cannot conclude that the plaintiff has disclaimed her interest in receiving these records, and her FOIA claim is not moot.

But Claim One should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff has failed to exhaust her administrative remedies. "The doctrine of administrative exhaustion applies to FOIA and limits the availability of judicial review." Elec. Priv. Info. Ctr. v. Internal Revenue Serv., 910 F.3d 1232, 1238 (D.C. Cir. 2018). "Although exhaustion of a FOIA request is not jurisdictional because the FOIA does not unequivocally make it so . . . still as a jurisprudential doctrine, failure to exhaust precludes

judicial review if the purposes of exhaustion and the particular
administrative scheme support such a bar." Wilbur v. CIA, 355
F.3d 675, 677 (D.C. Cir. 2004) (internal quotation marks and
citations omitted). See Schwarz v. Dep't of Justice, 2010 WL
2836322, at *3 (E.D.N.Y. July 14, 2010) ("This Court agrees that
the failure to exhaust a[] FOIA claim does not affect the
Court's subject matter jurisdiction. In recent cases in other
areas of law, the Supreme Court has made it clear that statutory
prerequisites to suit are not jurisdictional unless Congress
phrases them in jurisdictional terms."). Allowing individuals to
proceed in court with a FOIA claim without first exhausting
their remedies would undercut "the purposes of exhaustion,
namely, preventing premature interference with agency processes,
affording the parties and the courts the benefit of the agency's
experience and expertise, [and] compiling a record which is
adequate for judicial review." Hidalgo v. F.B.I., 344 F.3d 1256,
1259 (D.C. Cir. 2003) (internal quotation marks, brackets, and
ellipses omitted). Also, "FOIA's administrative scheme 'favors
treating failure to exhaust as a bar to judicial review.'"
Wilbur, 355 F.3d at 677 (quoting Hidalgo, 344 F.3d at 1259).

    The Amended Complaint incorporates by reference the
plaintiff's correspondence with the government about her FOIA
request, and she filed that correspondence in the Quiet Title
Action. See Am. Compl. at ¶ 10 (referring to Pl.'s Mot. to

Compel (ECF No. 62), <u>Smith v. United States of America</u>, 3:11-cv-1996 (VLB) (D. Conn. Oct. 23, 2020)). The Amended Complaint alleges that "appeal would have been inadequate, futile or otherwise impossible as the Defendant withheld information necessary for her to make an appeal." Am. Compl. at 2. The plaintiff appears to base this contention on "the express language of the Defendant's written acknowledgement of her request." <u>Id.</u> at 5. But while the IRS's May 14, 2020 response to the plaintiff's request states that "[a]n administrative appeal is limited to a denial of records, so it does not apply in this situation," it is clear that this refers to the lack of an administrative exhaustion requirement when the IRS fails to respond in a timely fashion. Ex. 4, Pl.'s Mot. (ECF No. 62-3) at 14, <u>Smith</u>, 3:11-cv-1996. In other words, once an agency has failed to respond in a timely manner, and for as long as the agency does not respond, a requestor has no way to actually exhaust administrative remedies, and she is deemed to have constructively exhausted her remedies until the agency does respond. <u>See, e.g.,</u> <u>Dinsio v. F.B.I.</u>, 445 F.Supp.2d 305, 309 (W.D.N.Y. 2006) ("[A] plaintiff may be deemed to have constructively exhausted his remedies if the agency fails to make a timely response to the initial request."). But once the agency does respond, an administrative appeal is possible, and in those circumstances, a requestor is required to exhaust the

remedies now available to her. See Oglesby v. U.S. Dep't of
Army, 920 F.2d 57, 63 (D.C. Cir. 1990) ("[C]onstructive
exhaustion under 5 U.S.C. § 552(a)(6)(C) allows immediate
recourse to the courts to compel the agency's response to a FOIA
request. But once the agency responds to the FOIA request, the
requester must exhaust his administrative remedies before
seeking judicial review.").

Here, the IRS ultimately responded with its final
determination on August 26, 2020, well before the plaintiff
filed suit to compel a response from the agency. That response
expressly advises the plaintiff of her "right to file an
administrative appeal within 90 days." Ex. 9, Pl.'s Mot. (ECF
No. 62-3) at 31, Smith, 3:11-cv-1996. Thus, the documents
incorporated by reference in the Amended Complaint show that
exhaustion would not have been inadequate, futile, or
impossible. Therefore, Claim One is being dismissed without
prejudice for failure to exhaust administrative remedies. See
Holt v. Town of Stonington, 765 F.3d 127, 133 (2d Cir. 2014)
("Because a failure to exhaust can be remedied through the
pursuit of administrative process, a dismissal for failure to
exhaust available administrative remedies should be without
prejudice.") (internal quotation marks and citations omitted).

**B.    Claims Two, Three, Five, and Six: the FTCA and the Internal Revenue Code**

Claim Two is a claim for negligence and has ten separate counts. It is brought pursuant to the Federal Tort Claims Act ("FTCA"), including 28 U.S.C. § 2674, and the Internal Revenue Code, specifically 26 U.S.C. §§ 7432-7433. See Am. Compl. at 5. Claims Three, Five, and Six are claims for unjust enrichment, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively. These claims are brought solely pursuant to the FTCA. See Am. Compl. at 17, 21, 23. All of these claims are for money damages.

**1.    Federal Tort Claims Act**

The FTCA is codified at 28 U.S.C. § 1346 and 28 U.S.C. §§ 2671-2680. Under the FTCA, district courts have "exclusive jurisdiction of civil actions seeking money damages from the United States 'for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Formula One Motors, Ltd. v. United States, 777 F.2d 822, 823 (2d Cir. 1985) (quoting 28 U.S.C. § 1346(b)). "The FTCA also provides, however, a list of exceptions in which section 1346(b) does not apply." Id. Where one of these exceptions applies, "district courts lack subject matter jurisdiction over the claim." Id. One such exception is for

"[a]ny claim arising in respect of the assessment or collection
of any tax." 28 U.S.C. § 2680(c). Because the "United States'
waiver of immunity under the FTCA is to be strictly construed in
favor of the government," Liranzo v. United States, 690 F.3d 78,
84 (2d Cir. 2012) (internal quotation marks and citations
omitted), "[t]he assessment and collection exemption, as with
all provisions of the FTCA, must be strictly construed in favor
of the sovereign," Perkins v. United States, 55 F.3d 910, 913
(4th Cir. 1995) (internal quotation marks and citations
omitted). "The opinions interpreting section 2680(c) clarify
that the exemption applies not only to actions by persons
against whom the tax collection efforts are directed, but also
to actions by third parties injured by tax collection efforts."
Id. See also Aetna Cas. & Sur. Co. v. United States, 71 F.3d
475, 478 (2d Cir. 1995) ("We understand the § 2680(c) exception
to cover claims arising out of the operation of the government's
mechanism for assessing and collecting taxes.").

    With one exception, the court lacks jurisdiction over the
plaintiff's claims under the FTCA because they arise in respect
of the assessment or collection of a tax. Claim Two, the
negligence claim, is divided into ten separate counts. Count A,
which claims dilatory conduct, "alleges that the Defendant is
per se negligent" because the defendant was "dilatory in its
duty to conduct efficient tax collection." Am. Compl. at 6.

Count B, which claims failure to prosecute fraudulent transfer of assets, "alleges that the Defendant . . . breached its mandated duty . . . to collect Smith's unpaid tax debt." Id. at 8. Count C, which claims failure to correct false declaration of debt and false abstract of judgment notice, alleges misconduct by the defendant while attempting to collect unpaid taxes that "violates Congress's expectation that the Defendant conduct truthful tax collection." Id. at 9. Count D, which claims a failure of duty as to an offer in compromise, alleges that the defendant "failed to comply with clear non-discretionary duties mandated by IRM regulations prior to accepting Smith's Offer in Compromise." Id. at 11. Count E, which claims a failure to release Smith's tax lien within statutory deadlines, alleges that the defendant "disregarded statutory law by failing to issue a Certificate of Release of Notice of Federal Tax Lien" once it had accepted Smith's offer in compromise. Id. at 12. Count F, which claims a failure to prosecute tax fraud, alleges that the defendant undermined "effective tax collection" and "the public's confidence in the government" by "negligently disregard[ing] IRS regulations enacted to prosecute [] tax fraud." Id. at 13. Count G, discussed below, is the exception. Count H, which claims conduct violating public policy regarding collection enforcement, alleges misconduct related to the claim that the defendant "has not collected Smith's federal income tax

-15-

debt for nearly twenty years and rescinded an accepted offer from Smith." Id. at 15. Count I, which claims failure to disclose recording mistake and to disaffirm counterclaim as null and void, alleges that the defendant "breached the clear duty to disclose information adverse to itself to the District Court" and "omitted the adverse information from post [judgment] pleadings to the District Court in 2020" in the earlier counterclaim that the government brought in order to collect a tax lien against the plaintiff's property. Id. Count J, which claims failure to withdraw nominee tax lien, "alleges that the Defendant unlawfully encumbered her Property with null and void liens that colored her title" in its effort to collect on unpaid taxes. Id. at 17. The court lacks subject matter jurisdiction over these claims under the FTCA because each count in Claim Two except Count G states or makes clear that it is a "claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

The same is true for the plaintiff's claims in Claim Three, see Am. Compl. at 17 ("[T]he Defendant liened and otherwise deprived her of the use and enjoyment of [her] Property . . . as collateral for Smith's tax debt."), Claim Five, see id. at 22 ("[T]he Defendant inflicted severe emotional distress upon [the plaintiff] . . . to satisfy debts Smith[] . . . incurred solely in his name . . . simply because the Defendant failed to collect

-16-

Smith's debt from him."), and Claim Six, see id. at 23 (same).

In Count G of Claim Two, the plaintiff "seeks monetary damages of $100,000" because "the Defendant negligently disregarded the non-discretionary FOIA mandate to conduct an adequate search pursuant to 5 U.S.C. §552(a)(3)(C)." Am. Compl. at 14. "Plaintiffs are not entitled to monetary damages for violations of FOIA because 5 U.S.C. § 552(a)(4)(B) authorizes only injunctive relief." Cornucopia Inst. v. U.S. Dep't of Agric., 560 F.3d 673, 675 n.1 (7th Cir. 2009). See also Ross v. United States, 460 F.Supp.2d 139, 151 (D.D.C. 2006) ("It is well-settled that monetary damages are not available under FOIA."). Therefore, the plaintiff's claim for damages based on the government's failure to conduct an adequate FOIA search is being dismissed with prejudice under Rule 12(b)(6) for failure to state a claim.[2]

Thus, except for Count G of Claim Two, to the extent that jurisdiction over Claim Two is premised on the FTCA, Claim Two must be dismissed without prejudice for lack of subject matter jurisdiction. Likewise, Claims Three, Five, and Six must be dismissed without prejudice for lack of subject matter jurisdiction. Count G of Claim Two must be dismissed with prejudice for failure to state a claim upon which relief can be

---

[2] In addition, as described above, the plaintiff failed to exhaust her administrative remedies under FOIA.

granted.

### 2.   Internal Revenue Code

The plaintiff relies on 26 U.S.C. § 7432 and 26 U.S.C. §
7433 as alternative bases for jurisdiction over Claim Two. The
defendant contends that "[b]oth section 7432 and 7433 require
that the taxpayer exhaust administrative remedies before filing
suit," Def.'s Mem. at 24 (citing 26 U.S.C. §§ 7432(d)(1),
7433(d); 26 C.F.R. §§ 301.7432-1(e), 301.7433-1(d)), and that
"failure to exhaust administrative remedies under § 7432 creates
a jurisdictional bar," id. at 26. The defendant notes that
courts are divided on whether failure to exhaust remedies is
jurisdictional. See id. at 26 n.7. The statutory provisions to
which the government cites provide that "[a] judgment for
damages shall not be awarded . . . unless the court determines
that the plaintiff has exhausted the administrative remedies
available to such plaintiff within the Internal Revenue
Service." 26 U.S.C. § 7432(d)(1). See also id. § 7433(d)(1)
(same). These provisions differ materially from others in this
part of the Internal Revenue Code which clearly do present a
jurisdictional bar. See, e.g., 26 U.S.C. §§ 7421(a) ("[N]o suit
. . . shall be maintained in any court by any person . . . ."); 
7421(b) ("No suit shall be maintained in any court . . . ."); 
7422(a) ("No suit or proceeding shall be maintained in any court
. . . until a claim for refund or credit has been duly filed

-18-

with the Secretary . . . .”). Thus, neither statute relied on by
the plaintiff prohibits a plaintiff from filing suit before
exhausting her administrative remedies or prohibits a court from
hearing that suit. Rather, by their terms, these statutes
prohibit a court from awarding a judgment for damages until the
court determines that the plaintiff exhausted her remedies. See
Hassen v. Gov't of Virgin Islands, 861 F.3d 108, 112-114
(3d Cir. 2017) (holding exhaustion is not jurisdictional); Gray
v. United States, 723 F.3d 795, 798 (7th Cir. 2013) (same).
Thus, the court has subject matter jurisdiction over these
claims.[3]

However, the plaintiff has failed to state a claim upon
which relief can be granted because she does not have the right
to sue under either Section 7432 or Section 7433. Section 7432
provides a cause of action when an IRS officer or employee
“fails to release a lien under section 6325 on property of the
taxpayer,” but permits only “such taxpayer” to bring such an
action. 26 U.S.C. § 7432(a). Similarly, Section 7433 provides a
cause of action “in connection with any collection of Federal

---

[3] While failure to exhaust administrative remedies is not
jurisdictional, under Rule 12(b)(6), such failure would prevent
the plaintiff from stating a claim upon which relief could be
granted because the applicable regulations, 26 C.F.R. §§
301.7432-1(e) and 301.7433-1(d), require administrative
exhaustion. See Gray, 723 F.3d at 799-802 (affirming legality of
regulations requiring exhaustion before plaintiff can file
suit).

tax with respect to a taxpayer," but an action under Section 7433 may likewise only be brought by "such taxpayer." 26 U.S.C. § 7433(a). See also Ludtke v. United States, 84 F.Supp.2d 294, 300 (D. Conn. 1999) (collecting cases). In United States v. Garrity, the court observed that Sections 7431, 7432, and 7433 must be read together as allowing a cause of action only by a taxpayer liable to the IRS, not by a third party. See 187 F.Supp.3d 350, 353-54 (D. Conn. 2016) (collecting cases). See also Munaco v. United States, 502 F.Supp.2d 614, 617 (E.D. Mich. 2007) ("[C]ourts have almost universally held that sections 7432 and 7433 only apply to the individual against whom the IRS is trying to collect."). The plaintiff has not alleged that she was liable for federal taxes the defendant attempted to collect from her. To the contrary, the plaintiff represents that she is "not a liable taxpayer suing over tax assessment or tax collection" and that she "is an innocent third party." Pl.'s Obj. at 19. The record reflects that the collection actions here were directed at the plaintiff's former husband.

Thus, to the extent jurisdiction is premised on 26 U.S.C. §§ 7432 and 7433, Claim Two must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### C.   Claim Four: Fraud on the Court

Claim Four is brought "[p]ursuant to Rule 9(b) authorizing independent court action." Am. Compl. at 19. The plaintiff

"seeks an order vacating the Final Judgment in <u>Smith v. United States</u>, and since such order will provide no relief to her, she seeks an award against the Defendant to hold the government accountable for its actions in the amount of $1,000,000." <u>Id.</u> The defendant has moved to dismiss Claim Four on the basis that the United States has not waived its sovereign immunity as to this claim.

Fraud on the court occurs where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense." <u>McMunn v. Mem'l Sloan-Kettering Cancer Ctr.</u>, 191 F.Supp.2d 440, 445 (S.D.N.Y. 2002) (quoting <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115, 1118 (1st Cir. 1989)). Fraud on the court "is limited to fraud which seriously affects the integrity of the normal process of adjudication." <u>Gleason v. Jandrucko</u>, 860 F.2d 556, 558 (2d Cir. 1988). A claim for fraud on the court requires:

> (1) a misrepresentation to the court by the defendant;
> (2) a description of the impact the misrepresentation had on proceedings before the court; (3) a lack of an opportunity to discover the misrepresentation and either bring it to the court's attention or bring an appropriate corrective proceeding; and (4) the benefit the defendant derived from the misrepresentation.

<u>In re Food Mgmt. Grp., LLC</u>, 380 B.R. 677, 714-15 (Bankr. S.D.N.Y. Jan. 23, 2008). In an independent action seeking

equitable relief, "[c]laimants must (1) show that they have no
other available or adequate remedy; (2) demonstrate that
movants' own fault, neglect, or carelessness did not create the
situation for which they seek equitable relief; and (3)
establish a recognized ground--such as fraud, accident, or
mistake--for the equitable relief." Campaniello Imports, Ltd. V.
Saporiti Italia, S.p.A., 117 F.3d 655, 662 (2d Cir. 1997). While
"an action for fraud on the court . . . must [ultimately] be
established by clear and convincing evidence," a claim for fraud
on the court is evaluated under the standards generally
applicable to motions under Rule 12. Madonna v. United States,
878 F.2d 62, 64-65 (2d Cir. 1989). Nevertheless, such a claim is
subject to the heightened pleading standards for fraud set forth
in Rule 9(b). See id. at 66.

The defendant challenges the court's jurisdiction over
Claim Four based on the plaintiff's failure to cite an
independent jurisdictional ground apart from Rules 8, 9, and 60
of the Federal Rules of Civil Procedure, see Def.'s Reply at 8-
9, and based on sovereign immunity, see Def.'s Mem. at 27. "The
Rules do not provide an independent ground for subject matter
jurisdiction over an action for which there is no other basis
for jurisdiction." Cresswell v. Sullivan & Cromwell, 922 F.2d
60, 70 (2d Cir. 1990). However, Rule 60 "does not limit a
court's power to . . . set aside a judgment for fraud on the

court." Fed. R. Civ. P. 60(d)(3). Even where there are no
independent jurisdictional grounds for a plaintiff's claim of
fraud on the court, "the district court that entered the
original judgment has inherent 'ancillary' equitable
jurisdiction to entertain the suit for relief from the
judgment." Cresswell, 922 F.2d at 70.

> [W]here the independent action to set aside a judgment
> on the basis of fraud is brought before the court that
> rendered the original judgment, ancillary jurisdiction
> over the independent action exists despite the absence
> of the diversity of citizenship or federal question
> that formed the basis of the court's jurisdiction over
> the original action.

Weldon v. United States, 845 F.Supp. 72, 76-77 (N.D.N.Y. 1994)
(citing Martina Theatre Corp. v. Schine Chain Theatres, Inc.,
278 F.2d 798, 800 n.1 (2d Cir. 1960)), aff'd, 70 F.3d 1 (2d Cir.
1995). Likewise, this ancillary equitable jurisdiction
"suffice[s] to allow the court to review an earlier decision in
a case where the government waived sovereign immunity, despite
the government's assertion that it no longer wishes to waive
that important protection." Weldon, 845 F.Supp. at 77. Because
the United States waived its immunity in the first suit and the
original judgment was entered by this court, see Smith v. United
States of America, 3:11-cv-1996 (VLB) (Answer and Counterclaim
(ECF No. 8) at 3 (Mar. 12, 2012); Judg. (ECF No. 54) (Mar. 11,
2014)), the court retains ancillary equitable jurisdiction to
review the plaintiff's claim for fraud on the court.

While the court retains jurisdiction over Claim Four
insofar as she seeks an order vacating the final judgment in
Smith, the court lacks jurisdiction over the plaintiff's claim
for "an award against the Defendant to hold the government
accountable for its actions in amount of $1,000,000." Am. Compl.
at 19. This amount is not represented to be compensatory damages
for any fraud on the court, and the request is best
characterized as one for punitive damages for conduct "so
reprehensible as to warrant the imposition of further sanctions
to achieve punishment or deterrence." State Farm Mut. Auto. Ins.
Co. v. Campbell, 538 U.S. 408, 419 (2003). The defendant,
however, has not waived its sovereign immunity with respect to
punitive damages. See 28 U.S.C. § 2674 ("The United States . . .
shall not be liable . . . for punitive damages."). In her
objection, the plaintiff attempts to reframe this claim for
punitive damages as one for sanctions under the court's
"inherent power to sanction a party for perpetrating a fraud on
the court," Pl.'s Obj. at 9 (quoting Kortright Cap. Partners LP
v. Investcorp Inv. Advisers Ltd., 327 F.Supp.3d 673, 688
(S.D.N.Y. 2018)), despite clearly labeling this claim as one for
"damages," id. at 10. But a court's inherent power to impose
sanctions is limited to cases where neither 28 U.S.C. § 1927 nor
the Federal Rules of Civil Procedure are adequate. See
Kortright, 327 F.Supp.3d at 687 n.5. Here, the plaintiff's claim

-24-

falls squarely within the ambit of a motion for sanctions under
Rule 11. Since the United States has not waived its sovereign
immunity as to punitive damages, the court will dismiss the
plaintiff's claim for $1,000,000 in damages for lack of subject
matter jurisdiction.

The remainder of Claim Four must be dismissed for failure
to state a claim upon which relief can be granted. The plaintiff
claims that the defendant engaged in misconduct in two ways.
First, the defendant allegedly "hid[] the fact that both the
Plaintiff's Complaint to quiet title and the Defendant's
Counterclaim to force foreclosure on the Plaintiff's Property
for a third party's taxes were rendered null and void such that
. . . [the Court] disposed of the case based upon facts no
longer in existence." Am. Compl. at 19. Second, the defendant
allegedly "was silent as to the adverse consequences of its
mistake while pleading carefully calculated and misleading
statements and half truths to the Court." Id.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a
party must state with particularity the circumstances
constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule
9(b), the plaintiff must "(1) specify the statements that the
plaintiff contends were fraudulent, (2) identify the speaker,
(3) state where and when the statements were made, and (4)
explain why the statements were fraudulent." Lerner v. Fleet

Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006). "In cases where the alleged fraud consists of an omission and the plaintiff is unable to specify the time and place because no act occurred, the complaint must still allege: (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff, and (4) what defendant obtained through the fraud." Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000).

The factual allegations in the Amended Complaint fall well short of this heightened standard. As to the defendant's alleged "carefully calculated and misleading statements," the plaintiff has not specified what statements are at issue, identified the speaker, stated where and when they were made, or explained why they were fraudulent. Am. Compl. at 19. As to the defendant's purported omissions, the plaintiff has not alleged the person responsible for the failure to disclose or what the defendant obtained through the fraud. There is no "factual basis which gives rise to a 'strong inference' of fraudulent intent." Wexner v. First Manhattan Co., 902 F.2d 169, 172 (2d Cir. 1990).

Moreover, even if the Amended Complaint had pleaded these acts or omissions with the required specificity, the Amended Complaint does not allege facts that could support a conclusion that the court must grant relief to "prevent a grave miscarriage

of justice." United States v. Beggerly, 524 U.S. 38, 46 (1998).
See also Mazzei v. The Money Store, 2020 WL 7774492, at *7
(S.D.N.Y. Dec. 30, 2020) ("[I]ndependent actions for fraud on
the court are available only to 'prevent a grave miscarriage of
justice.'" (quoting Beggerly, 524 U.S. at 46)). In the prior
suit, the court ruled in the plaintiff's favor on the
defendant's counterclaim for foreclosure; the plaintiff concedes
that the "relief the Plaintiff sought from the Court was
needless or otherwise moot" after the defendant's 2013 recording
error; and the plaintiff states that the order of vacatur that
she seeks "will provide no relief to her." Am. Compl. at 19.
Thus, there is no grave miscarriage of justice for the court to
prevent by reopening the final judgment in the prior suit. As
the defendant correctly observes, "[t]o the extent the Plaintiff
believes the prior judgment needs to be amended to provide an
additional reason why the United States should have been denied
the lien enforcement remedy it sought, it would be more
appropriately dealt with by a motion filed in the prior case."
Def.'s Reply at 5.

    Accordingly, the remainder of Claim Four will be dismissed
with prejudice for failure to state a claim upon which relief
can be granted.

### D.   28 U.S.C. § 2409a

The plaintiff states in passing that the court has jurisdiction over her claims under 28 U.S.C. § 2409a. See Am. Compl. at 1, 2. But Section 2409a does not apply to any of the claims that the plaintiff brings here because the current action, unlike the plaintiff's prior action, is not an action to quiet title to the plaintiff's Property. See 28 U.S.C. § 2409a ("The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest.").[4]

### IV.   CONCLUSION

Accordingly, Defendant United States' Motion to Dismiss Amended Complaint (ECF No. 29) is hereby GRANTED. Claim One is dismissed without prejudice for failure to exhaust administrative remedies. Claim Two, with the exception of Count G, is dismissed without prejudice for lack of subject matter jurisdiction. Count G of Claim Two is dismissed with prejudice for failure to state a claim upon which relief can be granted.

---

[4] In her opposition to the motion to dismiss, the plaintiff asserts for the first time that the court "holds supplemental jurisdiction over the complaint" pursuant to 28 U.S.C. § 1367. Pl.'s Opp. at 2. However, the Amended Complaint makes no mention of 28 U.S.C. § 1367, and "[p]laintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F.Supp.2d 197, 209 n.8 (S.D.N.Y. 2013).

Claim Three, Claim Five, and Claim Six are dismissed without prejudice for lack of subject matter jurisdiction. To the extent Claim Four is a claim for punitive damages, it is dismissed without prejudice for lack of subject matter jurisdiction, and to the extent it is not, it is dismissed with prejudice for failure to state a claim upon which relief can be granted.

      The Clerk shall close this case.

      It is so ordered.

      Dated this 26th day of August 2022, at Hartford, Connecticut.

 

|                                              |
|----------------------------------------------|
| /s/AWT                                       |
| Alvin W. Thompson                            |
| United States District Judge                 |